T.C. Memo. 2000-81


UNITED STATES TAX COURT


MEREDITH & SHIRLEY A. WHITE, Petitioners <u>v</u>.
COMMISSIONER INTERNAL REVENUE, Respondent


Docket No. 3998-98.                      Filed March 9, 2000.


Meredith White and Shirley A. White, pro sese.

<u>Mary Ann Waters</u>, for respondent.


MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  Respondent determined deficiencies in
petitioners' Federal income tax (tax) for 1993, 1994, and 1995 in
the amounts of $345, $1,088, and $1,110, respectively.

The issues remaining for decision[1] are:

_____

[1]Petitioners concede or do not dispute the determinations in
(continued...)

(1) Are petitioners entitled to the depreciation deductions claimed in Schedules C of their returns for the years at issue? We hold that they are not.

(2) Are petitioners entitled to the repair and maintenance expense deductions claimed in Schedules C of their 1994 and 1995 returns?  We hold that they are not.

## Background

Many of the facts have been deemed stipulated for purposes of this case pursuant to Rule 91(f).[2]

Petitioners resided in Montgomery, West Virginia, at the time the petition was filed.

Petitioners timely filed joint returns, Forms 1040, for the years at issue.

On July 2, 1987, petitioners purchased lots 31, 32, 33, and 34, section 5, Adena Village, located in Mt. Carbon, West Virginia, for $13,116.50.  They personally constructed a building (Building) on those lots, having spent $23,809.90 during 1987 and

_____

[1](...continued)
the notice of deficiency (notice) with respect to (1) the deductions that they claimed in Schedule C of their 1993 tax return (return) for $200 of personal life insurance premiums and for $2,400 of alleged pension and profit-sharing plan contributions and (2) the respective charitable contribution deductions that they claimed in Schedules C of their 1994 and 1995 returns that should have been reported in Schedules A, Itemized Deductions, of those returns.

[2]All Rule references are to the Tax Court Rules of Practice and Procedure.  All section references are to the Internal Revenue Code in effect for the years at issue.

$4,038.92 during 1988 for materials used in that construction. In January 1989, approximately one-half of the Building was placed in service as a car wash known as Sand M Auto Cleaning Service (car wash business). During 1993, petitioners had no employees and operated their car wash business themselves.

Petitioners first claimed a depreciation deduction with respect to the Building in their 1989 return. They determined the depreciation deductions claimed in that and subsequent returns, including their returns for the years at issue, on the basis of a claimed original cost basis in the Building of $55,000. That claimed basis represented the fair market value of the Building, including the cost of the materials and petitioners' labor, as estimated in 1989 by petitioners and a friend.

During 1994, petitioners expended $3,074 to purchase and install two doors and four pieces of glass into 64- by 96-inch openings in the portion of the Building that they were not using as a car wash (unfinished portion of the Building). During 1995, petitioners spent $2,918 on additional construction with respect to the unfinished portion of the Building. The unfinished portion of the Building was not finished during the years at issue. As of the date of the trial, that portion of the Building was still under construction and had never been used or rented. Petitioners intend to finish the unused portion of the Building when they have enough money to do so. When that portion of the

Building is finished, petitioners plan to use it as a store in which to sell automobile products.

Petitioners deducted the amounts that they spent during 1994 and 1995 on the unfinished portion of the Building as "Repairs and maintenance" in Schedules C of their 1994 and 1995 returns.

During 1993, petitioner Shirley A. White was employed by C&P Telephone West Virginia and received an annual salary of $29,370.41. During that year, petitioner Meredith White was employed by the City of Montgomery, West Virginia, and received an annual salary of $18,478.93.

In the notice, respondent determined, inter alia, that petitioners' cost basis in the Building was $27,849 and that, for purposes of calculating the depreciation deductions to which petitioners are entitled for the years at issue, that basis must be divided in half. That is because, according to respondent, petitioners used only approximately one-half of the Building to conduct their car wash business. Respondent also determined in the notice that the $3,074 and $2,918 claimed as "Repairs and maintenance" in Schedules C of petitioners' returns for 1994 and 1995, respectively, are not deductible for those years but must be included as part of their basis in the unfinished portion of the Building that was under construction during those years.

## Discussion

Petitioners bear the burden of proving that the determinations in the notice are erroneous. See Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Except for the general, vague, and conclusory testimony of petitioner Meredith White, petitioners presented no evidence to support their positions with respect to the issues that remain in this case.

On the record before us, we find that petitioners have failed to establish that they are entitled to the depreciation deductions claimed in Schedules C of their returns for the years at issue.[3] We further find on that record that petitioners have failed to establish that they are entitled to deduct $3,074 and $2,918 for 1994 and 1995, respectively, which they expended during those years to purchase and install doors and glass in, and to undertake additional construction with respect to, the unfinished portion of the Building.

To reflect the foregoing and the concessions of the parties,

<u>Decision will be entered under Rule 155</u>.

---

[3]Respondent concedes on brief that respondent erroneously calculated the depreciation deductions to which petitioners are entitled for the years at issue. Respondent's concession shall be taken into account in the computations under Rule 155.